JOHN WEST, appellant, d. b. *vs.* JOHN HOSEA, respondent, p. b.

A promise made to a constable to pay the amount of an execution in his hands, if he will release his levy, is a promise on a good consideration, and the constable may recover upon it.

The plaintiff in the execution cannot support an action on such promise.

Such a promise by an administrator, though for the benefit of the estate, is a personal obligation.

THIS was an appeal from the judgment of C. C. Windsor, Esq.

The first count was special, alledging that Hosea had recovered a judgment against George Culver, before Justice Hearn, and issued execution to constable Burton; and that West, who was the administrator of Culver, promised to pay the debt, if he was allowed to sell the goods. The second count was on a promise to the constable to pay the execution. This case was proved.

*Mr. Saulsbury*, for defendant below, moved a nonsuit, on the following grounds :—

1. The suit should have been against West, as administrator of Culver, as the goods released were goods of the deceased.

2. The promise was one to answer for the default of another, and should be in writing.

3. If the promise was to pay Hosea, it was without consideration, as it was not proved that his execution was levied.

*Mr. Layton*, contra.—1. Hosea could not have sued West, as the administrator of Culver ; it was a personal undertaking. He had already a judgment that bound Culver's property through the execution.

2. This promise is not within the statute of frauds. It was not a promise to answer for the debt of another, but to pay a debt due from West himself, as administrator of Culver.

3. The promise to pay Hosea had the consideration of a release of the goods, then in Burton's hands, under Culver's execution.

*Mr. Saulsbury* replied.

*The Court.*—1. The suit was not against West, as administrator, and could not be. It was upon a promise by West personally, and not as administrator.

2. Neither is this a promise to answer for the default of another. The promise was not to Hosea to pay the debt or default of another ;

but a promise to Burton to indemnify him against Hosea's claim; or to pay the amount of Hosea's execution.

3. But such a promise, in either aspect of it, was not a promise which Hosea could sue upon. The suit must be in Burton's name, though the money, if recovered, would be for the use of Hosea; a recovery in this action would not protect West from a suit by Burton, nor Burton from a suit by Hosea.

The plaintiff was nonsuited.